**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TY DAUL and RAIMOND GRUBE, | No. 10-36011 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-00524-AC |
| v. | |
| PPM ENERGY, INC., now known as Iberdrola Renewables, Inc. and CHANGE IN CONTROL SEVERANCE ENHANCEMENT FOR KEY PPM EMPLOYEES PLAN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted July 13, 2011[**]
Portland, Oregon

Before: PREGERSON, WARDLAW, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellants Ty Daul and Raimond Grube appeal the district court's grant of partial summary judgment for Defendant-Appellees, claiming that PPM Energy, Inc. (PPM) breached an agreement to pay them severance benefits. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

As an initial matter, the district court did not err in holding that Daul and Grube voluntarily eliminated their rights under the Value Appreciation Rights (VAR) Plan. The district court correctly characterized the Replacement Value Appreciation Rights (RVAR) Plan as a substituted contract, replacing all rights under the VAR Plan. *See Eagle Indus., Inc. v. Thompson*, 900 P.2d 475, 482 (Or. 1995). In the alternative, Daul and Grube waived their rights under the VAR Plan by signing the Election to Participate form, and by their conduct when they accepted higher payments under the RVAR Plan. *See Bennett v. Farmers Ins. Co. of Or.*, 26 P.3d 785, 796 (Or. 2001).

Moreover, Daul and Grube did not experience a material alteration in compensation under the terms of the severance agreement. The RVAR Plan did not adversely affect their "opportunity to earn comparable value appreciation for the growth of PPM," as specified in the agreement. The agreement also provides

2

that a material alteration in compensation does not include a change "related to . . . a restructuring of Participant's pay components so that the Participant's total direct compensation . . . is comparable," and, here, Daul and Grube's direct compensation actually increased.

     **AFFIRMED.**